**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LESAUNDRA JENKINS,<br><br>            Petitioner,<br><br>         v.<br><br>VELDA DOBSON-DAVIS, Warden,<br><br>            Respondent. | No. CV 10-6889-ODW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On September 15, 2010, Petitioner LeSaundra Jenkins, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Central District of California: *LeSaundra Jenkins v. Gloria A. Henry*, CV 07-5774-SGL (AGR) ("*Jenkins I*").

Petitioner entered a guilty plea and was sentenced on November 8, 2000. (Petition at 2.) The California Court of Appeal dismissed her appeal on July 18, 2001. (*Id.* at 2-3.) Petitioner did not file a petition for review in the California Supreme Court. (*Id.* at 3.)

On August 27, 2008, the District Court in *Jenkins I* issued an Order Adopting Magistrate Judge's Report and Recommendation and Judgment denying the petition with prejudice based on expiration of the statute of limitations. *Jenkins I*, Dkt. Nos. 33-34. On October 1, 2008, Petitioner filed a notice of appeal. (Dkt. No. 36.) On October 27, 2008, the District Court denied Petitioner's request for a certificate of appealability. (Dkt. No. 44.) On October 2, 2009, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Dkt. No. 48.) On April 5, 2010, the United States Supreme Court denied the petition for writ of certiorari. *Jenkins v. Hornbeak*, 130 S. Ct. 2344, 176 L. Ed. 2d 565 (2010).

The current Petition challenges the same conviction and sentence. (Petition at 2.) Petitioner received a sentence of life imprisonment with the possibility of parole under a negotiated plea deal. (*Id.* at 5; Exh. A to Petition.) The Felony Disposition Statement lists count 1 as felony kidnapping to commit robbery, and count 2 as second degree robbery. (*Id.*) However, Petitioner argues the Felony Amended Complaint filed January 21, 2000 listed count 1 as second degree robbery and count 2 as kidnapping to commit another crime. (Exh. C to Petition.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper*

*v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Jenkins I*. (Petition at 2, 5.) The petition in *Jenkins I* was denied with prejudice and on the merits. *See Beaty v. Schriro*, 554 F.3d 780 (9th Cir.), *cert. denied*, 130 S. Ct. 364 (2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: September 23, 2010      _____
                                                       OTIS D. WRIGHT II
                                          UNITED STATES DISTRICT JUDGE

Presented By:


_____
   ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE